UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Jeffrey Jordan,
    Plaintiff

    v.                                               Civil No. 05-cv-146-SM
                                                       Opinion No. 2005 DNH 102

Verizon New England, Inc.
and Verizon Services Corp.,
    Defendants

**O R D E R**

Jeffrey Jordan brings this action against his former employer, Verizon New England, Inc., and a related entity, Verizon Services Corp. (collectively, "Verizon").[1]  In his complaint, Jordan asserts three state law causes of action.  In count one, he complains that Verizon wrongfully terminated his employment (for reasons discussed below, this count is properly viewed as a claim for breach of contract).  In count two, he claims that, by firing him, Verizon violated his state and federal constitutional rights.  Finally, in count three, he

---

[1] Neither the complaint nor Jordan's legal memorandum gives any indication as to why Jordan has sued Verizon Services Corp. and defendants seem to be at a loss to explain why that entity has been named as a party.  See Defendants' memorandum at 2, n.2.

alleges that, by unlawfully terminating his employment, Verizon intentionally inflicted emotional distress upon him.

Verizon moves to dismiss all claims, saying they fail to state a viable cause of action, see Fed. R. Civ. P. 12(b)(6), and/or are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (the "LMRA").  Jordan objects.  For the reasons set forth below, Verizon's motion to dismiss is granted.

**Standard of Review**

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory."  Martin v. Applied Cellular Tech., 284 F.3d 1, 6 (1st Cir. 2002).  Dismissal is appropriate only if "it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory."  Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  See

also Gorski v. N.H. Dep't of Corr., 290 F.3d 466, 472 (1st Cir. 2002).  Notwithstanding this deferential standard of review, however, the court need not accept as true a plaintiff's "bald assertions" or conclusions of law.  Resolution Trust Corp. v. Driscoll, 985 F.2d 44, 48 (1st Cir. 1993) ("Factual allegations in a complaint are assumed to be true when a court is passing upon a motion to dismiss, but this tolerance does not extend to legal conclusions or to 'bald assertions.'") (citations omitted). See also Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir. 1987).

**Background**

According to Jordan's complaint, he had been employed by Verizon for twenty-two years, without incident.  In December of 2003, while on vacation and traveling through Ohio, Jordan was stopped for a traffic violation and, following a search of his vehicle, arrested.  Although the complaint does not discuss the specific charges filed against him, Jordan was suspended from his job at Verizon shortly after his arrest.  Jordan claims that when he asked for an explanation, Verizon told him that his conduct violated the company's "Code of Business Conduct."  When Jordan

pressed for details and asked which specific provision(s) of the Code of Business Conduct he had violated, he says Verizon was silent.  Subsequently, Verizon terminated Jordan's employment.

Jordan's employment with Verizon was governed by a collective bargaining agreement ("CBA"), executed by Verizon and Jordan's union - the IBEW.  See, e.g., Complaint at paras. 6, 20, 22-24.  Among other things, Jordan claims his termination violated the provisions of that CBA.  He also alleges that his termination deprived him of a vested property right he had in his job, Complaint at para. 43, and, because the "normal termination process was not adhered to," he says he was also deprived of his constitutionally protected right to due process, Complaint at para. 46 - curious claims, given the fact that his former employer is a private, rather than governmental, entity.  Jordan also claims that his termination violated public policy, insofar as it was motivated by his having participated "in the normal civil and political debates that in no way related to Defendant or was identified with Defendant's business."  Complaint at para. 49.  Finally, as noted above, he seeks damages for intentional

infliction of emotional distress arising out of Verizon's decision to terminate his employment.

## Discussion

I. <u>Federal Preemption - the LMRA</u>.

Counts one and three of Jordan's complaint are preempted by the Section 301 of the LMRA. As the Court of Appeals for the First Circuit has observed:

> [S]ection 301 preempts a state-law claim, whether founded upon the state's positive or common law, if a court, in passing upon the claim, would be required to interpret the collective bargaining agreement. In practice, this test boils down to whether the asserted state-law claim plausibly can be said to depend upon the meaning of one or more provisions within the collective bargaining agreement.

<u>Flibotte v. Pennsylvania Truck Lines, Inc.</u>, 131 F.3d 21, 26 (1st Cir. 1997) (citations omitted). The court then went on to explain why the plaintiff's state law claims were preempted.

> [Plaintiff's] damage claim, as framed in his complaint, links both his economic losses and his emotional distress directly to his termination. In order to prevail on these claims, he must prove that [the defendant] wrongfully discharged him. If [the defendant] acted within its contractual rights in severing the tie, then it could not have breached its general duty of care. It is clear to us that we cannot

5

> resolve this question, involving the propriety of [plaintiff's] firing, without substantial inquiry into the intricacies of the collective bargaining agreement.

Id. at 27.  So it is in this case.  As to count one of the complaint and Jordan's assertion that Verizon unlawfully terminated his employment by "willfully breach[ing] the employment contract between the parties," Complaint at para. 6, the court cannot possibly resolve that claim without first determining the parties' relative rights and obligations under the CBA.

Similarly, without examining the terms of the CBA, the court cannot resolve Jordan's claim that Verizon intentionally inflicted emotional distress upon him (count three) because "it is a well-settled principle that a party cannot be liable if it does no more than insist upon its legal rights in a permissible way, even though it was well aware that such insistence is certain to cause emotional distress."  Flibotte, 131 F.3d at 27 (quoting Restatement (Second) of Torts, § 46 cmt. g) (internal punctuation omitted).  In other words, if Verizon acted within its rights under the CBA in terminating Jordan's employment then,

as a matter of law, Jordan has no claim for intentional infliction of emotional distress.

Because resolution of the state law claims advanced in counts one and three of Jordan's complaint require an examination of the terms of the governing CBA, those claims are preempted by section 301 of the LMRA.  See Flibotte, supra; Quesnel v. Prudential Ins. Co., 66 F.3d 8, 10-11 (1st Cir. 1995).

II.  Lack of State Action.

Count two of Jordan's complaint fails to state a viable cause of action.  That count provides, in its entirety, as follows:

> The termination of Plaintiff by Defendant through the
> actions of its agents, servants, and employees in
> retaliation for Plaintiff's civic participation and for
> other unknown reasons an[d] their concerted activity in
> association with other agents, servants, and employees
> of the Defendant violated his con[stitut]ional rights
> of free speech, association, assembly and petition as
> provided by Part I, Articles 22 and 32 of the New
> Hampshire Constitution and the First Amendment to the
> United States Constitution.

Complaint at para. 53 (emphasis supplied).  Nowhere in his complaint does Jordan allege that his former employer was a state

7

actor (or that it was acting in concert with a state actor) when it terminated his employment.  That is a critical omission.

As this court recently explained in another case in which plaintiff's counsel was involved:

> Ordinarily, a federal constitutional violation does not arise when a private citizen acts.  For example, barring unusual circumstances, a private employer does not violate the First Amendment rights of its employees by implementing a policy preventing employees from displaying political placards, slogans, or bumper stickers in their offices.  See generally Denver Area Educ. Telecoms. Consortium v. FCC, 518 U.S. 727, 737 (1996) ("We recognize that the First Amendment, the terms of which apply to governmental action, ordinarily does not itself throw into constitutional doubt the decisions of private citizens to permit, or to restrict, speech."); Hudgens v. NLRB, 424 U.S. 507, 513 (1976) ("It is, of course, a commonplace that the constitutional guarantee of free speech is a guarantee only against abridgment by government, federal or state.  Thus, while statutory or common law may in some situations extend protection or provide redress against a private corporation or person who seeks to abridge the free expression of others, no such protection or redress is provided by the Constitution itself.") (citation omitted).  In other words, the First Amendment protects individuals against governmental action; it does not restrict the conduct of private citizens, nor is it violated when one private actor "suppresses" the speech of another.

Douglass v. Londonderry Sch. Bd., ___ F. Supp. 2d ___, 2005 WL 1278130 at *5, 2005 DNH 19 at 13 (D.N.H. Feb. 14, 2005) (emphasis

in original).  See also HippoPress, LLC v. SMG, 150 N.H. 304, 308 (2003) ("It is well established that state action is an essential prerequisite to finding a violation of either Part I, Article 22 of the New Hampshire Constitution or the First Amendment of the United States Constitution.").

Plainly, count two of Jordan's complaint lacks the essential element of state action, absent which he has no viable claim that either his state or federal constitutional rights were violated when Verizon terminated his employment.  Additionally, the court notes that nothing in the complaint suggests that, if Jordan were granted leave to file an amended complaint, he could, in good faith, allege that Verizon was state actor when it decided to terminate his employment.  See, e.g., Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350 (1974) ("The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment.  Nor does the fact that the regulation is extensive and detailed, as in the case of most public utilities, do so.") (citation and footnote omitted).  See also American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 52 (1999).

Parenthetically, the court notes that, because Jordan's complaint is drafted in a somewhat confusing manner, a final bit of discussion is probably warranted. To the extent count one of the complaint advances a state law claim for "wrongful termination" (as opposed to breach of contract), that claim would also fail to state a viable cause of action.[2]

Employees at will are not subject to, nor are they beneficiaries of, employment contracts. Consequently, when they believe they have been improperly or unlawfully fired, they cannot sue their former employers for breach of contract. Instead, under New Hampshire law, they are limited to claims for "wrongful termination" - that is, a termination that was motivated by the employer's bad faith, malice, or retaliation, in

---

[2] The confusion arises here because although Jordan's complaint asserts that he was a member of the IBEW, subject to the collective bargaining agreement between the IBEW and Verizon (which Verizon allegedly breached), the complaint also suggests that Jordan is trying to advance a common law claim for wrongful termination - a cause of action available only to employees at will. In fact, count one of his complaint is actually labeled "wrongful termination." And, while the complaint alleges that Verizon breached the terms of the CBA when it discharged him, there are also claims scattered throughout the complaint that Verizon terminated his employment in violation of "public policy" - one of the elements of a claim for wrongful termination. See Complaint at paras. 40, 45, 48, 50.

response to the employee's having done something that public policy would encourage, or having refused to do something that public policy would condemn. See, e.g., Censullo v. Brenka Video, Inc., 989 F.2d 40, 42 (1st Cir. 1993) ("Under the governing law of New Hampshire, employees fall into two classes: contract employees and at-will employees.  Contract employees are limited in their remedies for breach by the terms of the contract.  In contrast, at-will employees are limited in their remedies to claims for wrongful termination.) (footnote omitted).

   In his memorandum in opposition to Verizon's motion to dismiss, Jordan asserts, for the first time, that the CBA expired prior to his termination and, therefore, says he might have been an employee at will when he was fired.  Accordingly, he asserts that he may properly pursue a cause of action for wrongful termination.  That seems implausible - defendant responds that a collective bargaining agreement substantively identical to that submitted to this court (and jointly submitted by the parties in a pending arbitration proceeding) was and is in place, and that plaintiff's counsel is well aware of that fact.

In any event, Jordan's complaint does not allege that he was an employee at will, and he has not moved to amend it. Nor does the complaint even suggest that the CBA had expired or that Jordan was, for any other reason, not subject to its terms and conditions. Instead, the complaint unambiguously states that: (1) Jordan was a member of the IBEW union, subject to the terms of the CBA between Verizon and the IBEW; and (2) Verizon breached that agreement when it terminated Jordan's employment. See, e.g., Complaint at para. 6 ("The defendant willfully breached the employment contract between the parties and has essentially repudiated that agreement."). Consequently, Jordan cannot seek to avail himself of a cause of action available exclusively to at-will employees - that is, a claim for "wrongful termination."

## Conclusion

For the foregoing reasons, as well as those set forth in defendants' memorandum, count two of plaintiff's complaint (alleged constitutional violations) fails to state a viable cause of action, and counts one (breach of the collective bargaining agreement) and three (intentional infliction of emotional distress) are preempted by section 301 of the LMRA. Accordingly,

defendants' motion to dismiss (document no. 7) is granted.  The Clerk of Court shall enter judgment in accordance with this order and close the case.

    **SO ORDERED.**

                                        _____
                                        Steven J. McAuliffe
                                        Chief Judge

July 5, 2005

cc:  Penny S. Dean, Esq.
     Steven E. Hengen, Esq.
     Arthur G. Telegen, Esq.